STATE OF NEW JERSEY v. MORRIS CANAL AND BANKING. COMPANY AND LEHIGH VALLEY RAILROAD COMPANY.

Argued February 16, 1915—Decided August 7, 1915.

1. An indictment, charging that the defendant did unlawfully and injuriously, on a public highway, leading from Dover to Landing, in Morris county, put, place and maintain a certain bridge across a certain canal, known as the Morris canal, followed by an allegation that the defendant did suffer and permit the same to be and remain in and upon the said public highway, whereby said public highway was obstructed, &c., is not uncertain and ambiguous and sets forth the facts with sufficient clearness, the highway referred to being the one leading from Dover to Landing,

and not the Morris canal, for nowhere in the indictment is the canal designated as a public highway.

2. The unlawful placing of an obstruction in a public highway to the inconvenience and injury of the general public is a nuisance, and it is of no consequence how little or how much of the public highway is encroached upon.

3. The fact that the canal company is authorized by section 12 of its charter (*Pamph. L.* 1824, *p.* 158) to make good and sufficient bridges across the canal is no bar to an indictment charging it with having unlawfully and injuriously placed in a public highway a bridge to the common nuisance of the traveling public.

4. On a motion to quash an indictment, only what appears on the face of the indictment is considered. The question whether the state can substantiate, by competent evidence, the facts as laid in the indictment, cannot be considered on a motion to quash.

On motion to quash indictment.

Before Justices SWAYZE, PARKER and KALISCH.

For the state, *Charlton A. Reed.*

For the defendants, *Collins & Corbin* and *Charles A. Bradley,* of counsel.

The opinion of the court was delivered by

KALISCH, J.   Upon application of defendants, the indictment charging them with maintaining a public nuisance was removed from the Morris County Quarter Sessions Court into this court for the purpose of a motion to quash the same.

The indictment charges, in substance, that the defendants on the day, &c., within the county aforesaid, and within the jurisdiction of the court, *on a certain public highway* then and there lying and being, leading from Dover, in the county of Morris, near Shippenport, &c., and used for all the citizens of this state, with their horses, coaches, &c., and on foot, to go, return, pass, repass, ride, walk and be at their free will and pleasure, *unlawfully* and *injuriously* did put, place and maintain, and still do put, place and maintain a certain bridge, together with the approaches thereto, known as Brown's bridge, across a certain canal known as the Morris

canal, occupied and maintained by the Morris Canal and Banking Company and the Lehigh Valley Railroad Company, did suffer and permit the same to be and remain *in and upon the said public highway* from the day first aforesaid until the day of the taking of this inquisition, whereby the said public highway on the day aforesaid, &c., was obstructed and straitened, so that the citizens of this state, on the day aforesaid and during all the time aforesaid, could not go, return, pass, &c., with their horses, vehicles, &c., and on foot through and along the public highways, &c., to the common nuisance, &c.

The grounds urged by counsel of defendants against the validity of the indictment are that it is uncertain and ambiguous and fails to set forth the facts constituting the offence charged with sufficient clearness; that it fails to set forth facts constituting any crime or violation of the laws of the State of New Jersey; that the acts charged against the defendants are authorized by the laws of this state, by a grant from the legislature, and that the indictment fails to set out the legal obligation of the defendants, or either of them, with respect to the matters therein contained.

As to the attack made upon the validity of the indictment, upon the grounds of lack of certainty and sufficient clearness in stating the offence of nuisance, and that the facts set forth in the indictment do not constitute any criminal violation of the laws of this state, a careful examination, analysis and consideration of the facts, governed by well-settled legal principles and rules of pleading, make it plain to us that the validity of the indictment cannot be successfully assailed upon any of those grounds.

Succinctly stated, the indictment charges the defendants with unlawfully building and maintaining a bridge with approaches in and upon a public highway, leading from Dover to Landing, in Morris county. The indictment, in express terms, charges that the defendants did *unlawfully* and *injuriously,* on a public highway leading from Dover to Landing, in Morris county, put, place and maintain a certain bridge. The public highway upon which the bridge is put is described in the indictment to be the public highway leading

from Dover to Landing. This is followed by an allegation that the defendants did suffer and permit the same to be and remain in and upon the said public highway. The only public highway designated before as such, in the indictment, is the public highway leading from Dover to Landing. The words "did suffer and permit the same to be and remain in and upon said public highway" relate to the public highway leading from Dover to Landing. Nowhere in the indictment is the Morris canal designated as a public highway, though the pleader, in describing the unlawful structure on the highway, designates it as "Brown's bridge, across a certain canal maintained and occupied by the defendants;" but, since it is wholly unimportant as to the character of the structure on the public highway, whether it is a bridge or something else, if it be unlawfully on the highway, such an allegation may be properly treated as surplusage. The pleader having charged that the bridge was unlawfully put by the defendants in and upon a public highway, and that they suffer and permit it to be and remain upon the said public highway, then alleges "whereby the said public highway (the public highway leading from Dover to Landing) on the day and year aforesaid, &c., was obstructed and straitened," &c., to the inconvenience and common nuisance of traffic, "through and along the public highways." Here the word "highways" must be read in the singular instead of the plural, in view of what has gone before.

The unlawful placing of an obstruction in a public highway to the inconvenience of and injury of the general public is a nuisance. And it is of no consequence how little or how much of the public highway is encroached upon.

*Durant* v. *Palmer,* 29 *N. J. L.* 544, 577; *Opdycke* v. *Public Service Railway Co.,* 78 *Id.* 576, 583, where the cases on the subject are collated by Chancellor Pitney, speaking for the Court of Errors and Appeals.

Upon this motion we are not concerned with any other matter except what appears on the face of the indictment. It may turn out that the prosecutor will fail in his proof that the structure was unlawfully put upon the public highway.

The fact that the Morris Canal and Banking Company, by section 12 of its charter (*Pamph. L.* 1824, *p.* 158), is authorized in certain cases to make good and sufficient bridges across the canal, &c., and that this is a duty imposed upon them by law, affords no legal excuse to a charge that it has unlawfully and injuriously placed in and upon a public highway a structure to the common nuisance of the travelers on the highway.

We cannot, at this stage of the case, consider whether the counsel of the state will be able to substantiate, at the trial, by competent evidence, the facts as set out in the indictment.

The views that we have expressed in discussing the merits of the first two objections made by counsel of defendants against the validity of the indictment, practically disposes of the other two grounds urged by them adversely to their contention.

It is sufficient for us to ascertain whether the indictment charges an indictable offence, and we think it does, and therefore the motion to quash will be denied and the indictment remitted to the Morris County Quarter Sessions Court, to be proceeded with according to law.